## AMADEO v. NORTHERN ASSURANCE COMPANY.
## AMADEO v. ROYAL INSURANCE COMPANY.
## SAME v. SAME.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF PORTO RICO.

Nos. 199, 200 and 201.  Argued March 8, 1906.—Decided April 2, 1906.

*Royal Insurance Co.* v. *Miller*, 199 U. S. 353, followed to effect that, in the absence of express legislation affecting Porto Rico, the law prior to the extension of the Civil Code thereto in 1889 concerning limitations of personal actions, is that generally prevailing under Spanish law and in these cases on insurance policies, the loss under which had occurred prior to 1889, the twenty-year term applied and not the fifteen-year term applicable under the Civil Code after its extension to Porto Rico.

A party having no legal interest in maintaining or reversing a judgment is not always a necessary party to writ of error or appeal, and if the defendant has pleaded below that a party plaintiff has no interest in the cause of action, having assigned the same, and as a result of such plea the assignee has been substituted, the defendant cannot assert in this court that the original plaintiff was more than a nominal party, and the writ will not be dismissed on account of his death and failure to give notice to his succession.

Objections as to forms of writ of error not taken below will not be entertained here to defeat the jurisdiction of this court—and an amendment bringing in a corporation in liquidation as assignee of the party plaintiff *held*, under such conditions, to bring in the liquidator also.

Although irregularities may exist in appeal bonds, if the cases are sent back for further proceedings no order need be entered here regarding them.

THE facts are stated in the opinion.

*Mr. Fritz v. Briesen,* with whom *Mr. Charles M. Boerman* was on the brief, for plaintiffs in error:

The period of prescription on an action on a policy of fire insurance, accruing in 1885, is twenty years. *Royal Insurance Company* v. *Miller,* 199 U. S. 353. The decision in that case is controlling and these cases must be reversed.

Antonio José Amadeo is only a nominal plaintiff. He, or his estate, has no further pecuniary interest in this litigation. This is a fact admitted upon the record by both sides. The policies and the proceeds thereof have been assigned to the firm of Pastor Marquez Company, in liquidation, one of the plaintiffs in error, as shown by the record.

The death of one of several appellants or plaintiffs in error does not abate a suit, nor necessitate a revival of it in the Appellate Court. The cause survives to, and may be prosecuted by, the other plaintiffs in error: 2 Cyc. 771; 5 Ency. Pl. & Pr. 815; *McKinney* v. *Carroll,* 12 Pet. 66, 71; *Moses* v. *Wooster,* 115 U. S. 285; *Palmer* v. *Davis,* 28 N. Y. 242.

Amadeo was a proper party, but he was not a necessary party, and his representatives need not intervene. If he was an unnecessary party, the court below may be ordered to strike his name from the title of the suit, leaving only the Pastor Marquez Company, the real party in interest.

*Mr. Frederic D. McKenney,* with whom *Mr. Francis H. Dexter* and *Mr. John Spalding Flannery* were on the brief, for defendants in error:

The writs of error in these cases should be dismissed for manifest irregularities, both in form and in prosecution.

Amadeo having died subsequent to judgment, and before any writ of error was sued out, no valid writ of error could thereafter be sued out or prosecuted in his name, and assuming that "The Pastor Marquez Company" was otherwise authorized and competent to seek relief in this court, it could only do so in this case after notification to the succession of the deceased. It appears from the pleadings that Pastor Marquez Company was in liquidation, and that Pedro Salazar was the liquidator. Under the Spanish law as under English common law this action, in so far as in favor of Pastor Marquez Company was and is concerned, could only be maintained in the name of the liquidator.

While the absence of an appeal bond or the failure of the trial judge to note his approval thereon will not render the writs of error void, still the filing of duly approved security is prerequisite to the prosecution of such writs in the appellate court.

Passing the irregularities in the matter of the appeal bonds, which, in so far at least as the absence of the approval thereof by the district judge is concerned, might be corrected in this court, *Seymour* v. *Freer*, 5 Wall. 822; *Dodge* v. *Knowles*, 114 U. S. 430; *Stewart* v. *Masterson*, 124 U. S. 493; *Beardsley* v. *Arkansas &c. Co.*, 158 U. S. 123, the defects in the writ of error are irretrievable.

As Amadeo was dead at the time the writ of error was prayed for and issued, the suit, as to him, abated, subject to be revived only upon compliance with the statutory requirements, sec. 9, act of March 3, 1875, 18 Stat. 473, or the rules of this court.

Amadeo, originally the sole plaintiff, by amendment to the declaration was made joint plaintiff with "Pastor Marquez Company, in liquidation," of which Pedro Salazar was the liquidator. Amadeo having died, his legal representatives or successors alone had the right to prosecute an appeal in the interest of his estate. The failure of his representatives or successors to appeal or sue out a writ of error did not authorize his co-plaintiff to wage the writ on his behalf or in his interest or that of his succession, nor can such co-plaintiff prosecute

an appeal or writ of error to reverse the judgment against him, even where the right of action survives, except such death shall have been suggested upon the record. Rev. Stat. § 956; *Masterson* v. *Herndon*, 10 Wallace, 416.

In such cases no importance is to be attached to the technical mode of proceeding called summons and severance, but it is settled that it must appear in some way from the record that the missing parties had been notified to appear and had failed to do so, or, if appearing, had refused to join. *Meagher* v. *Minnesota Thresher Mfg. Co.*, 145 U. S. 608, 611; *Feibelman* v. *Packard*, 108 U. S. 14; *Estis* v. *Trabue*, 128 U. S. 225; *Mason* v. *United States*, 136 U. S. 581; *Hardee* v. *Wilson*, 146 U. S. 179; *Sipperly* v. *Smith*, 155 U. S. 86.

A writ of error in such a case cannot be amended by inserting the names of other plaintiffs in error, nor can a judgment of severance be now had even with their consent. *Mason* v. *United States*, 136 U. S. 581.

The writ of error, having been sued out without notification to the representatives of the deceased, may not be amended, but should be dismissed. *Dolan* v. *Jennings*, 139 U. S. 385.

Mr. Chief Justice Fuller delivered the opinion of the court.

In No. 199 the action was commenced April 21, 1903, by Antonio José Amadeo as sole plaintiff to recover from the Northern Assurance Company damages in the sum of $10,000 on a certain fire insurance policy issued on property in Porto Rico. The policy was dated December 21, 1884, and insured plaintiff against loss by fire for one year from that date. The loss was alleged to have occurred February 7, 1885.

Defendant filed several pleas, and, among others, that "the alleged cause of action did not accrue within fifteen years before this suit," and that prior to the institution of the suit the policy and its proceeds had been duly sold and transferred by plaintiff "to the firm of Pastor Marquez and Company, who are the only persons entitled to sue herein."

Plaintiff demurred to both these pleas but, subsequently, by leave of court, amended his declaration by adding to the caption, after the name Amadeo, the words "for the use of and together with Pastor Marquez Company, in liquidation," and by inserting in the body of the declaration the following: "And plaintiff avers that about the month of August, 1885, the said policy was assigned to the Pastor Marquez Company, which is a company in liquidation and of which Pedro Salazar is liquidator."

Thereafter plaintiff's demurrer to defendant's pleas of prescription was overruled by the court, and plaintiff excepted, and subsequently replied that the prescription pleaded had been interrupted "extrajudicially." To that replication defendant interposed a demurrer, which was sustained by the court. Plaintiffs thereupon declined to plead further and the court entered judgment, January 12, 1904, as follows: "And it is therefore adjudged by the court that issue is found in favor of the defendant and that the plaintiffs recover nothing herein, and that the defendant go hence with judgment for costs against the plaintiffs." It now appears that plaintiff Amadeo died intestate May 14, 1904. September 20, 1904, application was made for the allowance of a writ of error from this court to review the judgment, which was allowed September 21, 1904. On December 20, 1904, an appeal bond in the sum of $500, wherein Pastor Marquez and Company was named as principal and Lucas Amadeo and Felix Salazar as sureties, was filed in the clerk's office of the District Court, but the bond did not bear the approval of the judge. The bond was entitled "Antonio José Amadeo and Pastor Marquez and Co. vs. Northern Assurance Co.;" recited that "whereas the above-named plaintiffs have sued out a writ of error to the Supreme Court," etc., and was conditioned that "the above-named plaintiffs shall prosecute said writ to effect," etc. It was signed "Pastor Marquez & Com. en Liqid. E. Salazar, Lucas Amadeo, Felipe Salazar." The writ of error, which is dated December 31, 1904, bears the allowance of the district judge, who

also signed the citation under that date. The writ of error and the citation describe "Antonio José Amadeo for the use of and together with the Pastor Marquez Company in liquidation" as plaintiffs in error. The writ of error asserts that the error complained of wrought damage to "said Antonio José Amadeo for the use of and together with the Pastor Marquez Company in liquidation." The transcript of record was docketed in this court March 15, 1905.

In No. 200, the action was brought by Antonio José Amadeo alone, upon two policies of insurance against the Royal Insurance Company, April 21, 1903. The policies of insurance were dated September 15 and December 21, 1884, respectively, and insured plaintiff against loss and damage for one year from their respective dates. The loss as alleged occurred February 7, 1885. Defendant, among other defenses, pleaded prescription of fifteen years and transfer by plaintiff, prior to the institution of the suit, of the policies and all interest therein. To these pleas plaintiff at first demurred, but subsequently with leave of the court amended his declaration as follows: In the title, after the name of the plaintiff, by adding the following words, "for the use of and together with the Pastor Marquez Company in liquidation," and by adding in the body of the declaration the following: "And plaintiff avers that on or about August, 1885, the said policy was assigned to the Pastor Marquez Company, which is a company in liquidation and of which Pedro Salazar is liquidator." Plaintiff's demurrer to defendant's pleas of prescription having been overruled and exception thereto noted, plaintiff replied that the prescription had been interrupted "by extrajudicial demand;" to which replication defendant interposed a demurrer, which was sustained. And plaintiff having refused to plead further to defendant's pleas of prescription and "failing to offer proofs as to the other issues made and tendered," judgment was on the fifteenth day of January, 1904, entered for defendant as follows: "That the plaintiffs herein, Antonio José Amadeo, for himself and for the use and benefit of the firm of Pastor

Marquez and Company, and Pedro Salazar as liquidating partner of the said Pastor Marquez and Company, take nothing by either of their said suits, and that the defendants go hence without day and recover of and from the said plaintiffs all costs in this behalf incurred or expended, for which execution may issue." Petition for allowance of writ of error was filed September 20, 1904, and allowed the next day. An appeal bond entitled "*José Antonio Amadeo and Pastor Marquez and Company* vs. *Royal Insurance Co.*" was "filed and approved Dec. 20th, 1904," but the copy of the bond in the transcript of record does not show the approval of the district judge. This bond was signed by "Pastor Marquez & Co. en liqui., E. Salazar, Felipe Salazar, Lucas Amadeo," Pastor Marquez & Co. being described as principal and Lucas Amadeo and Felipe Salazar as sureties. The writ of error and citation were as in case No. 199. Record filed March 15, 1905.

No. 201 was a consolidation of two similar actions, and the course of procedure was like that in Nos. 199 and 200. The judgment was rendered January 15, 1904, in favor of defendant and against "Frederico Amadeo, for himself and for the use and benefit of the firm of Pastor Marquez and Company, and Pedro Salazar as liquidating partner of the said Pastor Marquez & Company."

The appeal bond was filed December 20, 1904, and was signed by "Pastor Marquez and Co. in liquidation, E. Salazar, Felipe Salazar and Lucas Amadeo;" and did not bear the approval of the district judge. The record was filed March 15, 1905.

The sureties on each of the appeal bonds in Nos. 199, 200 and 201 made affidavit as to their responsibility before the clerk of the District Court, and acknowledged the execution of the bonds before him.

It was admitted at the bar that on the merits these judgments must be reversed. *Royal Insurance Company* v. *Miller*, 199 U. S. 353.

But it is insisted that the writs of error in Nos. 199 and 200

should be dismissed because Antonio José Amadeo died after judgment and before the writs of error were sued out, and the Pastor Marquez Company, if otherwise competent, could not prosecute the writs until after notice to the succession of the deceased. And, further, that as it appeared the Pastor Marquez Company was in liquidation, the writs of error as well as the actions could only be prosecuted in the name of the liquidator, which was denied to be the fact here. And that the writ of error in No. 201 should be dismissed on the latter ground as well as because of want of summons and severance.

Antonio José Amadeo was dead when the writs of error issued in Nos. 199 and 200, and it is contended that the writs cannot be maintained because the actions had not been revived below, the death was not suggested on the record, and no notice of intention to take out the writs was given to his succession. Defendant, however, pleaded, among other defenses, that Amadeo had no interest in the cause of action, because the policies and their proceeds had been duly sold and transferred to Pastor Marquez and Company, who were alone entitled to sue. And thereafter the complaints were amended, as previously stated. For the purposes of these motions to dismiss, defendant in error cannot be permitted in this court to assert that Amadeo was other than a nominal plaintiff, and the cases fall within the principle, occasionally applicable, that parties having no legal interest in maintaining or reversing a judgment or decree are not necessary parties to a writ of error or appeal. *Basket* v. *Hassell*, 107 U. S. 602; *Germain* v. *Mason*, 12 Wall. 259; *Forgay* v. *Conrad*, 6 How. 201.

And although these records are much confused and very carelessly made up, we think that it may be properly held that the effect of the amendments was to bring the liquidator into court, with the liquidating company, and, at all events, that, in view of defendants' pleas, the amendments thereupon, and the want of objection below in respect of the liquidator, that objection should not now be entertained in defeat of our jurisdiction. These considerations control the disposition of No. 201.

As to the suggested irregularities in the appeal bonds, they do not render the writs of error void, and we do not feel called on to enter any orders in regard to them, as these cases must go back for further proceedings.

*Judgments reversed and causes remanded for further proceed-ings in conformity with law.*