OIL INVESTMENT, INC., a North Dakota corporation, Plaintiff and Respondent,

v.

DALLEA PETROLEUM CORPORATION, a North Dakota corporation, Dois D. Dallas, and Currie Conrad, Defendants, Third-Party Plaintiffs, and Appellants,

v.

Leonell W. FRAASE, Arnold Blikre, and A. H. Ness, Third-Party Defendants and Respondents.

No. 8367.

Supreme Court of North Dakota.

March 30, 1967.

———◆———

Rolfstad, Winkjer, Suess & Herreid, Williston, for plaintiff and respondent.

Bjella, Jestrab, Neff & Pippin, Williston, for Dallea Petroleum Corp., defendant and appellant.

Pearce, Engebretson, Anderson & Schmidt, Bismarck, for Dois D. Dallas and Currie Conrad, defendants, third-party plaintiffs, and appellants.

Fred A. McKennett, Williston, for Leonell W. Fraase, Arnold Blikre and A. H. Ness; third-party defendants and respondents.

KNUDSON, Judge.

On August 31, 1962, the Dallea Petroleum Corporation made, executed and delivered its note payable to the order of Republic Supply Company in the principal sum of $25,920.98. This note was countersigned by Leonell W. Fraase, A. H. Ness, Dois D. Dallas, Currie Conrad, and Arnold Blikre, in their individual capacities. They also constituted the board of directors of Dallea Petroleum Corporation. Upon the note becoming in default, it was purchased by and duly assigned to Oil Investment, Inc., the plaintiff herein. Oil Investment, Inc., was organized by three of the signers of the note, namely Fraase, Ness, and Blikre, with one Dean Winkjer, for the purpose of purchasing this note from Republic Supply Company, and were the sole stockholders therein.

Thereafter Oil Investment, Inc., brought this action on the note against Dallea Petroleum Corporation, Dois D. Dallas, and Currie Conrad, three of the makers of said note, but did not join as defendants the three other makers, namely, Fraase, Blikre, and Ness. The defendants answered, alleging usury as one of the defenses.

And in a third-party proceeding the defendants brought an action against Fraase, Blikre, and Ness for contribution for the amount of any judgment that may be recovered against the defendants Dallas and Conrad.

The court ordered judgment against the defendants and dismissed the third-party complaint. The judgment against Dallea Petroleum Corporation was for the full amount due on the note, and against Dallas and Conrad for one-fifth of the amount of the note, each.

The defendants appealed from the judgment and directed the notice of appeal to the plaintiff. Service of the notice of appeal was made upon the plaintiff but was not made upon the third-party defendants, Fraase, Blikre, and Ness.

The plaintiff and the third-party defendants joined in a motion to dismiss the appeal upon the grounds that the notice of appeal was not served on the third-party defendants, Fraase, Blikre, and Ness.

The plaintiff argues that the motion to dismiss is founded upon § 28–27–05, N.D.C.C., which provides that a notice of appeal must be served on "the adverse party." It is contended by the plaintiff that Fraase, Blikre, and Ness are adverse parties within the purview of § 28–27–05, and that the failure of the plaintiff to serve notice of appeal upon them is a fatal jurisdictional defect, requiring a dismissal of the appeal.

An adverse party, within the statute relating to the service of the notice of appeal, is one whose interest in the judgment appealed from is in conflict with the modification or reversal sought by the appellant. Udgaard v. Schindler, 75 N.D. 625, 31 N.W.2d 776; Smith v. Grilk, 64 N.D. 163, 250 N.W. 787; Colwell v. Union Central Life Ins. Co. of Cincinnati, 59 N.D. 768, 232 N.W. 10, 88 A.L.R. 409; Powell v. International Harvester Co. of America, 41 N.D. 220, 170 N.W. 559.

In Colwell v. Union Central Life Ins. Co., supra, we said:

Whether a party is an adverse one within the meaning of section 7821, Comp. Laws 1913, [§ 28–27–05, N.D.C.C.] does not depend upon what position such party

occupies in the title of the action, but upon the interests of the party as shown by the record. If the interests of a party in relation to the subject of the appeal is such that he would be *prejudicially* affected by a modification or reversal of the judgment appealed from, then he is an adverse party without regard to whether he appeared as plaintiff, defendant, or intervener in the trial court. [Emphasis added.]

Plaintiff contends that the interests of Fraase, Blikre, and Ness are in conflict with the modification or reversal of the judgment sought by the defendants in this appeal. It is claimed that the reversal of the judgment would reopen the third-party complaint, and would be adverse to the interests of said Fraase, Blikre, and Ness. However, it does not appear that Fraase, Blikre, and Ness would be adversely or prejudicially affected by a modification or reversal of the judgment.

The appeal is not addressed to them. It does not bring before this court for review the dismissal of the third-party action. The controversy before us is one between the plaintiff, Oil Investment Corporation, and the defendants, Dallea Petroleum Corporation, Dallas, and Conrad. The rights of Fraase, Blikre, and Ness are not before us. The court dismissed the third-party action as to them.

■ The plaintiff is no doubt correct in its assertion that a party who desires to appeal from a judgment or order must serve notice of appeal upon all "adverse" parties. But not every person named in the title of the action is an adverse party on an appeal taken in the action.

In Powell v. International Harvester Co. of America, 41 N.D. 220, 240, 170 N.W. 559, 567, this court said:

\* \* \* [O]f course, a court cannot determine the rights of a party not before it; and hence an appellate court has no jurisdiction to reverse or modify the judgment in such manner as shall affect the rights of the parties on whom notice of appeal has not been served, as such rights have been ascertained and finally determined by the judgment.

But the lack of jurisdiction does not exist where such reversal or modification cannot affect the legal rights of the parties not served with notice. Williams v. Santa Clara Min. Co., 66 Cal. 193, 194, 5 P. 85, 86. It by no means follows that every person named in the title of an action as a party plaintiff is an adverse party on an appeal taken by the defendant from a judgment rendered in such action, or that every person named as a party defendant is an adverse party on an appeal taken by the plaintiff.

An "adverse" party, within the meaning of the statute relating to service of notice of appeal, is one whose interest in the judgment or order appealed from is in conflict with the modification or reversal sought by the appellant. \* \* \*

The plaintiff and third-party defendants contend that a reversal of the judgment would reopen the third-party action which would be adverse to the interests of Fraase, Blikre, and Ness.

■ However, the notice of appeal is addressed to the plaintiff corporation only, and purports to take an appeal from the whole judgment; nevertheless, it is operative only as to that portion of the judgment governing the main case and is not operative as to that portion of the judgment dismissing the third-party action, as the plaintiff corporation is not a party to the third-party action. The defendant has also specified as error the dismissal of the third-party action. However, the counsel for the defendant has advised this court on oral argument that this was an unintentional mistake, and that the defendant waives this specification. Therefore, the notice of appeal was directed to and served upon the plaintiff only. Appeals from a part of the judgment are authorized by statute, § 28–27–05. Although under this statute an

appeal may be taken from a part of the judgment, such appeal does not lie unless that part of the judgment is severable and divisible from the remainder of the judgment. Montana-Dakota Utilities Co. v. Amann, 81 N.W.2d 628 (N.D.1957).

█ Here the award to the plaintiff and against the defendants and the dismissal of the third-party complaint are separate parts of the judgment which are clearly separable and divisible. The portion of the judgment appealed from is not so interwoven with other provisions as to preclude an independent examination of the part challenged by the appellant, and the matters or issues embraced therein are not the same as, or interdependent upon, the matter or issues which have not been attacked.

We are agreed that Fraase, Blikre, and Ness are not adverse parties.

The motion to dismiss the appeal is denied.

TEIGEN, C. J., and PAULSON and STRUTZ, JJ., concur.

ERICKSTAD, J., deeming himself disqualified, did not participate.