Clifford P. HANSON, Plaintiff
and Appellant,

v.

John ZOLLER and Martha Zoller, husband
and wife, Defendants,

James P. Zoller and Alice R. Zoller, husband
and wife, Eugene V. Binder and Gloria A.
Binder, husband and wife, Paul M. Breene,
State of North Dakota, The Dakota National Bank of Bismarck, a corporation,
Gate City Savings and Loan Association,
a corporation, Defendants and Respondents,

Credit Bureau of Bismarck, Inc., a corporation, Max D. Rosenberg, as Trustee of
State Acceptance Corporation, a bankrupt,
and Atlas, Inc., a corporation, Defendants.

James P. ZOLLER and Alice R. Zoller and
Gate City Savings and Loan Association,
a corporation, Third-Party Plaintiffs,

v.

NORTH DAKOTA GUARANTY & TITLE
CO., Third-Party Defendant.

Eugene V. BINDER and Gloria A. Binder,
husband and wife; and The Dakota National Bank of Bismarck, a corporation,
Third-Party Plaintiffs and Appellants,

v.

NORTH DAKOTA GUARANTY & TITLE
CO., Third-Party Defendant
and Respondent.

Civ. No. 8511.

Supreme Court of North Dakota.

Jan. 21, 1970.

Rehearing Denied Feb. 19, 1970.

Vogel, Bair & Graff, Mandan, for appellant.

Conmy, Conmy, Rosenberg & Lucas, Bismarck, for respondents James P. Zoller, Alice R. Zoller and Gate City Savings and Loan Assn.

Frederick E. Saefke, Jr., Bismarck, for respondents and third-party appellants Eugene V. Binder and Gloria A. Binder, and The Dakota National Bank.

Thompson, Lundberg & Nodland, Bismarck, for respondent Paul M. Breene.

H. G. Ruemmele, Grand Forks, for respondent State of North Dakota.

Zuger, Zuger & Bucklin, Bismarck, for third-party respondent North Dakota Guaranty & Title Co.

KNUDSON, Judge.

Clifford P. Hanson brought this action for the foreclosure of a real estate mortgage given by John Zoller upon the South Half of the Northeast Quarter of Section 26, Township 139, Range 80, Burleigh County, North Dakota, dated May 16, 1962, and recorded in the office of the Register of Deeds for Burleigh County on March 6, 1963, in Book 358 of Mortgages on page 108. Hanson, in his complaint with other allegations, alleges that the right, title and interest of the defendants are subsequent to and subject to the lien of his mortgage, and prays for the sale of the property to

satisfy the amount due on the mortgage, which is in default.

John Zoller, in July 1964, caused part of this land to be subdivided into separate parcels, Tract A, Tract B and Tract C, with other parcels, according to the plat of Zoller's Subdivision of the Northeast Quarter of Section 26, Township 139, Range 80, filed November 5, 1964, in Plat File Z.

James P. Zoller and Alice R. Zoller acquired title to Tract A by mesne conveyances from John Zoller, dated and filed for record subsequent to the date and recording of the Hanson mortgage.

Eugene V. Binder and Gloria A. Binder acquired title to Tract B by mesne conveyances from John Zoller, dated and filed for record subsequent to the date and recording of the Hanson mortgage.

Paul M. Breene acquired title to Tract C, with other lands in the Northeast Quarter of Section 26, by warranty deeds from John Zoller dated and filed for record subsequent to the date and recording of the Hanson mortgage.

Thereafter James P. Zoller and Alice R. Zoller mortgaged their tract to the Gate City Savings and Loan Association, and Eugene V. Binder and Gloria A. Binder mortgaged their tract to the Dakota National Bank of Bismarck, which mortgages were dated and filed for record subsequent to the date and recording of the Hanson mortgage.

Paul M. Breene, in his answer, alleges that he acquired title to his property as an innocent purchaser in good faith and for value, and affirmatively alleges that the Hanson mortgage was not indexed against the property purchased by him.

The State of North Dakota answered that it had acquired by condemnation part of the property for highway right of way and alleged that its interest, title or estate is superior to the lien of the mortgage of Mr. Hanson.

James P. Zoller and Alice R. Zoller, and the Gate City Savings and Loan Association, hereinafter called Zoller and Gate City, in their answer, alleged that: (1) the mortgage was not duly filed; (2) the mortgage does not cover the property in question; (3) the mortgage does not appear on record as a lien on the premises; (4) the mortgage lien is not prior to the interest claimed by the defendants; (5) the lien claimed by Hanson is not a cloud or encumbrance upon the title of the Zollers; and (6) the plaintiff must exhaust his remedies against property other than that described in the complaint. In summary, Zollers contend that the Hanson mortgage was improperly indexed in the office of the Register of Deeds as to constitute notice of the Hanson mortgage as to Tract A.

Eugene V. Binder and Gloria A. Binder and the Dakota National Bank of Bismarck, hereinafter called Binder and Dakota National, answered and alleged defenses similar to the defenses of Zoller and Gate City.

John and Martha Zoller, the Credit Bureau, Inc., of Bismarck, Max D. Rosenburg, trustee of State Acceptance Corporation, a bankrupt, and Atlas, Inc., failed to answer, and a default judgment was entered against them.

Zoller and Gate City brought a third-party action against the North Dakota Guaranty and Title Company, hereinafter called the Abstract Company, alleging that if the mortgage to Hanson was held to be prior to the interest and lien claimed by the third-party plaintiffs, then the Abstract Company negligently performed the abstracting services in that it failed to locate such mortgage and include the same in the abstract of title prepared by it for the third-party plaintiffs, and that it breached its contract with the third-party plaintiffs to prepare an abstract of title showing all transactions affecting the property by omitting the mortgage to Hanson in the abstract of title, the third-party plaintiffs praying for judgment for indemnity from the Ab-

stract Company for any and all losses and expenses they may sustain proximately caused by the negligence of and by the failure to perform the contract undertaken by the Abstract Company.

Binder and Dakota National also brought a third-party action against the Abstract Company, also alleging negligence in preparation of their abstract of title and breach of contract.

The Abstract Company answered the third-party complaints and, as permitted under Rule 14, North Dakota Rules of Civil Procedure, also answered Hanson's complaint, asserting the same defenses as in the answers of the Zoller and Gate City and Binder and Dakota National groups, and, in addition, included the defenses of estoppel, laches and payment or release.

Hanson took no steps to make the third-party defendant, the Abstract Company, a defendant in the main action, either by amendment of his complaint or by the service of any additional pleadings upon the Abstract Company.

The court ordered judgment dismissing Hanson's complaint against the defendants in the main action and also ordered judgment dismissing the third-party complaint against the Abstract Company in the third-party action. Judgments of dismissal were entered accordingly. Hanson appealed from the judgments dismissing his complaint in the main action in favor of the State of North Dakota, Paul M. Breene, Zoller and Gate City, and Binder and Dakota National, and served the notice of appeal only on the defendants State of North Dakota, Paul M. Breene, Zoller and Gate City, and Binder and Dakota National. He did not serve the notice of appeal upon the third-party defendant, the Abstract Company.

The third-party plaintiffs, Binder and Dakota National, appealed from the judgment dismissing their complaint against the Abstract Company in the third-party action and served the notice of appeal on the Abstract Company.

The Abstract Company moved for the dismissal of the appeal by Hanson in the main action on the ground that the appeal had not been perfected within the statutory time and this court was without jurisdiction to hear the appeal. The Abstract Company contends that Hanson failed to serve it with the notice of appeal in the main action; that six months had elapsed since the notice of entry of judgment; and, that it is an adverse party; therefore, Hanson failed to confer jurisdiction upon the Supreme Court by the failure to serve the notice of appeal on all adverse parties within the statutory time required by §§ 28–27–04 and 28–27–05, North Dakota Century Code.

An appeal from a judgment must be taken within six months after written notice of entry thereof. Section 28–27–04, N.D.C.C.

An appeal must be taken by serving a notice in writing signed by the appellant or his attorney on the adverse party. Section 28–27–05, N.D.C.C.

The question before this court is whether or not the Abstract Company is an adverse party to the plaintiff in the main action.

If it is an "adverse party" within the meaning of that term in the statute, then its motion to dismiss Hanson's appeal must be granted.

If it is not an "adverse party," then its motion to dismiss Hanson's appeal must be dismissed.

Section 28–27–05, N.D.C.C., provides how appeal must be taken by serving the notice of appeal on the "adverse party," and, in part, reads as follows:

An appeal must be taken by serving a notice in writing signed by the appellant or his attorney on the adverse party and filing the same in the office of the clerk of the court in which the judgment or order appeal from is entered * * *.

■ It is well settled that when an adverse party has not been made a party to the appeal by service of a notice of appeal upon it this court is without jurisdiction to reverse or modify a judgment so as to affect the legal rights of the parties on whom notice of appeal has not been served.

■ Conversely, this court has jurisdiction to reverse or modify such judgment when a reversal or modification will not affect the legal rights of the party not served with the notice of appeal.

■ ■ This court has had occasion to consider the question when a party is an "adverse party" within the purview of the statute and therefore must be served with the notice of appeal.

In Oil Investment Co., Inc., v. Dallea Petroleum Corp., 150 N.W.2d 189 (N.D. 1967), the third-party defendants were held not to be adverse parties and failure to serve notice upon them did not constitute a fatal jurisdictional defect. The corporate assignee of a note sued the corporate maker and two individual makers without joining three other individual makers who were stockholders of the corporate assignee. The defendants brought third-party action against the three other individual makers for contribution. The trial court dismissed the third-party complaint and granted judgment against the individual defendants for the amount of their proportionate one-fifth share each of the note. In effect, the trial court in its judgment recognized the claim of the defendants in their third-party complaint for contribution from the third-party defendants of three-fifths of the amount of the note by granting judgment against the two individual makers for their one-fifth share each. We held that the appeal was operative only as to that portion of the judgment governing the main case, and was not operative as to that portion of the judgment dismissing the third-party action.

In Udgaard v. Schindler, 75 N.D. 625, 31 N.W.2d 776 (1948), this court held it was not necessary to serve the co-defendant, a bailee, with a notice of appeal because any reversal or modification of the judgment would not affect the interest of the bailee in the litigation, as his sole interest was to deliver the bailed goods to the person entitled thereto.

In Smith v. Grilk, 64 N.D. 163, 250 N.W. 787 (1933), the co-defendant, lessee of the real property in litigation was held to be hardly more than a nominal party as its interest in the litigation was solely to the end that it pay the rent to the party legally entitled to the same and therefore it did not appear that this co-defendant could be prejudicially affected by any modification of the judgment. Therein we said at Syllabus 2:

The adverse party upon whom notice of appeal must be served, under section 7821, Compiled Laws of 1913, means the party whose interest in relation to the *subject* of the appeal *is in conflict* with the reversal of the order or decree appealed from, or the modification sought by appeal. (Emphasis added.)

In Colwell v. Union Central Life Ins. Co., 59 N.D. 768, 232 N.W. 10, 88 A.L.R. 409 (1930), the plaintiff, Colwell, formerly a general agent for the defendant, Union Central, sued to recover commissions on renewal premiums collected by the company on business written while Colwell was such general agent. Grady held an assignment given by Colwell for these commissions and intervened in this action. Colwell and Grady stipulated that Grady had a first lien upon all renewal commissions coming to Colwell from Union Central. There was no claim by Union Central that the interests of the intervenor Grady were *in conflict* with the modification or reversal sought by the appellant Colwell here. It is clear that Grady could not possibly be adversely affected by the appeal. Colwell and Grady were not adverse parties, their interests were the same and ran along parallel lines, their interests were not adverse to each other. Both Colwell and Grady were interested in the

recovery of the renewal commissions and stood to benefit by a modification or reversal of the judgment; they were not antagonists, where one would prevail and the other would be defeated; their interest in the subject matter was the same, the recovery of the renewal commissions from Union Central; their interests were not in conflict. Grady was not an adverse party to the appellant, Colwell, and notice of appeal by Colwell was not required to be served upon Grady.

> An "adverse party" within the meaning of section 7821, Comp.Laws 1913 (providing for the service of notice of appeal on the adverse party), is a party who appears by the record to be adverse and whose interest in the judgment or order appealed from is in *conflict* with the modification or reversal sought by the appeal. [Emphasis added.]

Colwell v. Union Central Life Ins. Co. of Cincinnati, 59 N.D. 768, 232 N.W. 10, Syllabus 1.

In Powell v. International Harvester Co. of America, 41 N.D. 220, 240, 170 N.W. 559, 567–568 (1918), this Court said:

> [A] party who desires to appeal from a judgment or order must serve notice of appeal upon all "adverse" parties; for, of course, a court cannot determine the rights of a party not before it; and hence an appellate court has no jurisdiction to reverse or modify the judgment in such manner as shall affect the rights of the parties on whom notice of appeal has not been served, as such rights have been ascertained and finally determined by the judgment.
>
> But the lack of jurisdiction does not exist where such reversal or modification cannot affect the legal rights of the parties not served with notice. Williams v. Santa Clara Min. Co., 66 Cal. 193, 194, 5 Pac. 85, 86. It by no means follows that every person named in the title of an action as a party plaintiff is an adverse party on an appeal taken by the defend-

ant from a judgment rendered in such action, or that every person named as a party defendant is an adverse party on an appeal taken by the plaintiff.

> An "adverse" party, within the meaning of the statute relating to service of notice of appeal, is one whose interest in the judgment or order appealed from is in *conflict* with the modification or reversal sought by the appellant. Spelling v. New Tr. & App. Pr. p. 1140; Conrad v. Pacific Packing Co., 34 Or. [337] 341, 49 Pac. 659, 52 Pac. 1134, 57 Pac. 1021. And "mere nominal parties, or parties who have no interest that can be affected by the judgment on appeal," need not be served with notice of appeal. Smith v. Burns et al., 71 Or. 133, 135 Pac. 200, 142 Pac. 352, L.R.A.1915A, 1130, Ann. Cas.1916A, 666; 2 R.C.L. pp. 68, 69; 3 C.J. 1017. As was said by the Supreme Court of the United States (Amadeo v. Northern Assur. Co., 201 U.S. 194, 201, 26 Sup.Ct. 507, 509, 50 L.Ed. 722, 726): "Parties having no legal interest in maintaining or reversing a judgment or decree are not necessary parties to a writ of error or appeal."

That a party may be affected by a modification or reversal of a judgment is not sufficient alone to bring a party within the purview of the statute as an "adverse party" upon whom the notice of appeal must be served.

> Whether a party is an adverse one within the meaning of section 7821, Comp.Laws 1913 [N.D.C.C. § 28–27–05], does not depend upon what position such party occupies in the title of the action, but upon the interest of the party as shown by the record. If the interest of a party in relation to the *subject* of the appeal is such that he would be *prejudicially* affected by a modification or reversal of the judgment appealed from, then he is an adverse party without regard to whether he appeared as plaintiff, defendant, or intervenor in the trial court. (Emphasis added.)

Colwell v. Union Central Life Ins. Co., 59 N.D. 768, 232 N.W. 10 (1930), Syllabus 2.

An "adverse party" means the party whose interest in relation to the *subject* of the appeal is in conflict with a modification or reversal of the judgment. Smith v. Grilk, *supra*; Colwell v. Union Central Life Ins. Co., *supra*.

An "adverse party" is one whose interest in the judgment is in *conflict* with modification or reversal of the judgment. Oil Investment Co., Inc. v. Dallea Petroleum Corp., *supra*; Udgaard v. Schindler, *supra*; Smith v. Grilk, *supra*; Colwell v. Union Central Life Ins. Co., *supra*; Powell v. International Harvester Co. of America, *supra*.

An "adverse party" is one whose interest in the judgment would be *prejudicially* affected by the modification or reversal of the judgment. Colwell v. Union Central Life Ins. Co., *supra*.

■ The burden of showing that a particular party is within the definition of an adverse party rests upon the proponent. Colwell v. Union Central Life Ins. Co., *supra*.

A party who makes a motion for a dismissal of an appeal has the burden of showing from the record the necessary facts to sustain the motion. Verry v. Murphy, 163 N.W.2d 721 (N.D.1968); In re Ashbrook's Estate, 110 N.W.2d 184 (N.D.1961); Colwell v. Union Central Life Ins. Co., *supra*.

It is elementary that a party who makes a motion has the burden of sustaining the grounds thereof. A party who moves for a dismissal of an appeal on the ground that an adverse party has not been served with notice of appeal has the burden of showing from the record (1) that the party not served was an adverse party within the purview of the statute [citations omitted]; and (2) that such party has not been served with notice of appeal.

Colwell v. Union Central Life Ins. Co., 59 N.D. 768, 232 N.W. 10, 14 (1930).

■ The Abstract Company contends that by putting in an answer to the plaintiff's complaint in the main action it became an adverse party to the plaintiff under the rules of civil procedure, arguing in its brief:

In short, under the rules of civil procedure, a third-party defendant is an adverse party to the original plaintiff if a direct answer is put in to raise issues with the plaintiff's complaint.

The Abstract Company argued that it participated in the main action and conducted the bulk of the defense against the plaintiff's original complaint, and thereby became the actual adverse party.

However, the record does not bear out this contention of the Abstract Company as the record shows that all defendants actively participated in the trial. The Abstract Company is permited under third-party practice to participate in the trial of the main action.

Since the third-party defendant may be liable to the original defendant, the third-party defendant must be permitted to take part in the trial and conduct examination and cross-examination as the rules of evidence permit.

3 Moore's Federal Practice, (2d ed.) ¶ 14.19 (Supp.1968).

Assuming that Hanson's complaint was dismissed wholly on account of the third-party defendant's participation in the case, such participation is not sufficient to bring in the third-party defendant Abstract Company as an adverse party upon whom notice of appeal must be served.

The Abstract Company also contends that such reversal or modification of the judgment in the main case will reopen the interest of the third-party plaintiffs in pursuing alleged rights of indemnity against the Abstract Company.

The third-party complaints seek recovery only if Hanson is successful in obtaining a judgment of foreclosure to the loss of the third-party plaintiffs.

But a reversal of the judgment in the main case would reopen the third-party complaints for recovery from the Abstract Company, only in the event the third-party plaintiffs had appealed from the judgments dismissing their third-party complaints and had served the notices of appeal upon the Abstract Company, the third-party defendant. The Abstract Company fails to show how the reopening of the third-party action will adversely or prejudicially affect it, or how it will be precluded from presenting any of the defenses available to it against the complaints of the third-party plaintiffs upon a retrial of the case.

The Abstract Company also argues that it will be prejudicially affected by a reversal or modification of the main claim by this court, but fails to show how such reversal or modification will prejudicially affect it.

The Abstract Company was not sued by the plaintiff, it had no interest in the land in question, the subject of the main action, and a judgment could not be entered against the Abstract Company in favor of the plaintiff. The Abstract Company is not a party to a judgment in the main action.

In such cases Professor Moore suggests that while a notice of appeal need not be served on the third-party defendant, to do so would do no harm.

The court has broad powers under Rule 42(b) to order separate trials of the original claim and the third-party claim, or of any separate issue or issues. * * *

Since the plaintiff's claim is separate from the third-party plaintiff's claim, the court may, if it so desires, enter separate judgments at various stages, whenever it has made an adjudication of the main claim or the third-party claim, or as to parties thereto, in accordance with Rule 54(b). Such a judgment would be final and subject to appeal by the affected party. By analogy to the English practice, a third-party defendant (*E. F.*) would not be such a party in the case of an appeal by the plaintiff from an adverse judgment on his main claim, unless, of course, the plaintiff had amended to claim against him. Since under Rule 14, the impleaded party *E. F.* has an absolute right to present defenses against plaintiff's claim, it could be urged that whenever the third-party defendant had presented a defense to plaintiff's claim, he should have notice of an appeal by the original plaintiff. But the fact remains that unless the plaintiff amends to assert a claim against *E. F.*, the latter would not be a party to *A. B.'s* judgment against *C. D.* Notice of the appeal pursuant to Rule 73(b) would, however, do no harm. Also by analogy to the English practice the third-party defendant could not appeal from a judgment in favor of the plaintiff on his original claim, unless the third-party defendant has presented a defense thereto. If he has presented a defense it would seem that although he is not a party to *A. B.'s* judgment against *C. D.*, nevertheless, he has such an interest as would entitle him to appeal, perhaps in *C. D.'s* name.

3 Moore's Federal Practice (2d ed.) ¶ 14.19, p. 638–40.

Professor Moore, in discussing the English practice existing when Federal Rule 14 was promulgated in 1937 and became effective in 1938, stated that:

On appeal, the plaintiff need not serve a notice of appeal on the third party, for the appearance of the latter is solely for the benefit of the defendant. [Citing In re Salmon (C.A.1889) 42 Ch.D. 351.]

3 Moore's Federal Practice (2d ed.) ¶ 14.02[2], p. 444.

Professor Moore concludes that it is not necessary for the plaintiff to serve the no-

tice of appeal upon the third-party defendant because the third-party defendant is not a party to the judgment between the plaintiff and the defendant. In the case cited of *In re Salmon* it was suggested that if the third-party defendant was to be made a party to the appeal it was for the defendant to serve the notice of appeal upon the third-party defendant.

If the Defendant desired the presence of the third parties on the appeal, he should himself have served them with notice of appeal. The judgment of the Court below does not deal with the third parties at all, and therefore it was unnecessary for the Plaintiff, in appealing from that judgment, to serve any notice on them.

In re Salmon, (C.A.1889) 42 Ch.D. 351, 360.

In the case at bar this was the procedure that was followed. The plaintiff served upon the defendants the notice of appeal from the judgment dismissing the complaint in the main action, and the defendants served upon the third-party defendant the notice of appeal from the judgment dismissing the third-party complaints in the third-party action. The third-party defendant thereby had been given the right to appear in the appeal from the judgment in its favor and has the full right to appear in this court to determine the issues between it and the defendants. By analogy, the third-party defendant, having interposed defenses to the complaint of the plaintiff in the main action against the defendants, and the defendants, as third-party plaintiffs, having appealed from the judgment dismissing the third-party complaints in favor of the third-party defendant, the third-party defendant has such an interest in the plaintiff's complaint in the main action that it should be entitled, if it so desires, to appear and argue on behalf of the defendants in the appeal from the judgment in the main action.

The motion to dismiss the appeal is denied.

TEIGEN, C. J., and PAULSON and ERICKSTAD, JJ., concur.

STRUTZ, J., deeming himself disqualified did not participate in this decision.