P. W. GREENE *v.* RUTH RILEY.

February Term, 1934.

Present:   SLACK, MOULTON, and THOMPSON, JJ., and SHERMAN, Supr. J.

Opinion filed May 1, 1934.

*H. C. Shurtleff* for the petitioner.

*Finn & Monti* for the petitionee.

SHERMAN, Supr. J. This cause is upon a petition heard at the September Term, 1933, of Washington county court, apparently brought under provisions of G. L. 2295, to set aside a default judgment obtained at the March Term, 1933, of the same court. Petition dismissed; exceptions by petitioner.

The original action was upon a contract in writing to sell and deliver a Ford truck understood by both parties to be a 1933 model. A used truck and a number of cattle were delivered and taken at an agreed price in part payment for the new truck; the balance was to be paid in cash or financed. The new truck was never delivered. The contract, dated August 9, 1932, called for delivery as soon as possible or as soon as could be financed. October 8, 1932, was the date of the writ.

The defendant (petitioner here) after suit was brought consulted an attorney who wrote plaintiff's attorney on the 13th of October, 1932, stating he was retained in the case and giving reasons why he thought suit was premature. This letter was answered on the 17th of October, giving reasons why it was claimed suit was timely. On November 2, plaintiff's attorney again wrote defendant's attorney stating, among other matters, that he thought a settlement might be arranged and giving the further information that the plaintiff expected to be in Vermont on the 20th. He also stated in this letter that he did not have authority to make settlement on the basis outlined.

After receiving these letters, defendant's attorney had defendant in his office, there turned over to him the letters, and advised him to see what settlement he could make with plaintiff. The attorney expected his client would settle and entered no appearance, nor did he answer either letter. The defendant lived much nearer the plaintiff and her attorney than did his attorney.

From the time defendant left his attorney's office, after receiving the advice to see if he could settle, he did not see plaintiff nor her attorney, nor did he return to his attorney until after execution was served on him in June, 1933. He retained all this time, and up to the time the petition was heard, the cattle taken towards payment, and leased them out. He had sold the old truck. The agreed price of this property taken by him was nearly two-thirds the purchase price of the new Ford truck.

Petitioner claims as his defense that 1933 truck could not be delivered until after January 1, 1933, hence the time of performance had not arrived when suit was instituted. The trial court found it was not satisfied that petitioner intended in good faith to make such a defense, if given an opportunity. Petitioner excepted to this finding.

The common-law right to set aside a default judgment, either at the term at which it is rendered, or at a subsequent term, is a part of the inherent discretionary power of a court of general jurisdiction, and in passing upon the questions raised by such a proceeding, as the one before us, the court is not confined to the relief contemplated by the statute, but is at liberty to treat the petition as a motion invoking its discretionary power over its own judgments. *Mutual Life Ins. Co.* v. *Foster,* 88 Vt. 503, 505, 506, 93 Atl. 258. In the case of all discretionary rulings, the granting or denial of the petition is reviewable only where an abuse or withholding of judicial discretion is made to appear, and a ruling which can be made as matter of discretion will be presumed to have been so made unless the contrary affirmatively appears. *State* v. *Fairbanks,* 101 Vt. 30-34, 139 Atl. 918; *State* v. *O'Brien,* 106 Vt. 97, 102, 170 Atl. 98-100.

At no time did the petitioner testify he intended to make a defense, although, from the fact that he alleged in his petition that he had one, such intention might have been inferred. On the other hand, the indifference with which he treated plaintiff's claim, the retention of the truck and cattle, the leasing of the cattle, the absence of all effort to adjust the matter, or to deliver or explain the nondelivery of the 1933 truck at any time after January 1 up to hearing on petition, at September Term, 1933, warranted the court in doubting his *bona fide* and, in its discretion, denying the petition. It is not necessary to consider other questions presented.

*Judgment dismissing petition affirmed.*