NELLIE KELLY v. CHARLES W. SERVISS.

May Term, 1944.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed October 3, 1944.

*William L. Scoville* for the plaintiff.

*Stafford, Abatiell & Stafford* for the defendant.

STURTEVANT, J. This is an appeal from a judgment entered in a justice court in favor of the defendant. The plaintiff took her appeal on January 13, 1943, and it was seasonably entered in Rutland County Court. The defendant did not enter an appearance on the appeal within the time fixed by P. L. 1476 and the plaintiff filed a motion for a default under the provisions of that statute. The clerk noted that motion on the docket but made no special entry of a default. The clerk accepted and filed a general appearance by the defendant March 9, 1943. The defendant filed no motion making a specific request to have the default stricken off. On April 3, 1943, the plaintiff filed a motion asking the court to direct the clerk to make a specific entry of the defendant's default, but waived this motion before it was ruled upon by the court. The defendant set this case on the jury list for trial at the September term of the court. The plaintiff moved to strike from the record the defendant's appearance and the notation of the case for trial.

Each of these motions was denied and the plaintiff excepted upon the grounds that the court was without jurisdiction to hear the case on the merits and was without power or authority to do anything concerning the case except to enter a judgment for the plaintiff. The court ordered the defendant to file an answer and this order was complied with November 29, 1943. The court set the case for hearing on the merits December 2, 1943, and the plaintiff excepted to that action of the court upon the following grounds: "That by virtue of the proceedings of the plaintiff in pursuance of the mandatory provisions of P. L. 1476, the said cause is now in judgment as matter of law, so that this court has now no jurisdiction thereof except to enter such judgment."

The plaintiff did not appear for trial on December 2, 1943, whereupon the court entered judgment for the defendant to recover his costs because of the plaintiff's failure to prosecute her case.

P. L. 1476, upon which the plaintiff relies, states as follows:

> "The appellee shall cause his appearance to be entered with the clerk of the court on or before the expiration of thirty days from the time of taking such appeal. If the appellee does not appear in person or by attorney within such time, the clerk shall, on motion of the appellant, enter a nonsuit in case the plaintiff is appellee, and a default in case the defendant is appellee. At the next regular term, judgment shall be rendered by the court in accordance with such nonsuit or default, but such nonsuit or default may be stricken off on such terms as to costs and the time of filing pleadings as the court directs."

Assuming without deciding that the plaintiff is correct in her contention that in legal effect the defendant's default was properly entered on the record before the September Term, 1943, of Rutland County Court, it does not follow that the court was without jurisdiction to hear the case on the merits. The common-law right to set aside a default judgment, either at the term at which it is rendered, or at a subsequent term, is a part of the inherent discretionary power of a court of general jurisdiction, and in passing upon the questions raised by such a proceeding, as the

one before us, the court is not confined to the relief contemplated by statute but under the circumstances here is at liberty to treat the facts as calling for an exercise of its discretionary power over its own judgments, as in fact it did in this case. *Greene* v. *Riley*, 106 Vt 319, 321, 172 A 633, and cases cited.

P. L. 1476, formerly P. S. 1653, so far as it relates to the power of the court to strike off nonsuits and defaults entered by the clerk in vacation is declaratory and intended merely to prevent a misunderstanding of the rest of the section. It does not limit the control of the court over its own judgments. *Thompson* v. *Morrison*, 84 Vt 456, 459, 79 A 1002.

It follows that it does not appear that the court committed error in setting this case for trial on the merits. *Judgment affirmed.*