## David Wyman Wellington v. Donna Blanchard Wellington

[ 205 A.2d 568 ]

October Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1964

*O'Neill, Delaney & Valente* for libellee-petitioner.

*Theodore Corsones and John D. Hansen* for libellant-petitionee.

**Smith, J.** A final judgment and decree of divorce was awarded to David Wellington from Donna Wellington by the Rutland County Court on December 27, 1963. Donna Wellington was duly served with petition and process at the time of the commencement of the action but made no appearance in the case, nor was any appearance entered for her.

On May 5, 1964, Donna, hereinafter called the petitioner, filed her petition before the Rutland County Court praying that the court set aside the divorce judgment and decree of December 27, 1963 in the above entitled case under the provisions of 12 V.S.A. §2353, because of fraud.

The petition alleged, in essence, that after the bringing of the divorce action by the petitionee, David, he continued to cohabit with her as man and wife both in Vermont and also in Massachusetts where petitioner went to reside and work after the bringing of the divorce action.

Petitioner states that she became pregnant by the petitionee during the pendency of this action and that she was assured by the petitionee that he was not going to prosecute the divorce libel. Petitioner then instructed the Vermont attorney with whom she had previously consulted that he should take no further action in the case. The petition further alleges that conversations were had by the petitioner and petitionee relative to resuming the marriage, although such marriage was never actually resumed.

Petition states that because of the fraudulent assertions to her by the petitionee that he would not prosecute the cause of divorce she entered no appearance in the cause, and presented no defense, although she claims a meritorious defense to such action which would have been presented had she known the cause was to be heard.

Petitioner asserts that it was not until December 27, 1963 (the date of final judgment) that she became aware that a divorce had been granted to the petitionee.

Hearing was set by the Rutland County Court on June 29, 1964. An oral motion to dismiss the petition was made by the petitionee and was granted by the lower court. Permission was granted by the lower court to the petitioner to present certain questions of law to this court before final judgment. 12 V.S.A. §2386.

The questions presented are:

1. Whether a Vermont Court has the power to vacate a fraudulent divorce decree under 12 V.S.A. §2353.

2. Whether the petitioner has been denied her day in court.

The statute with which we are concerned, 12 V.S.A. §2353, reads as follows:

"When judgment is rendered by a county or municipal court upon default, and the defendant or a trustee therein is unjustly deprived of a hearing by fraud, accident or mistake, the party so deprived of a hearing may bring his petition or motion to such court not later than two years from the rendition thereof, to have such judgment set aside."

The court below stated, and the petitionee argues here, that a judgment rendered in a divorce cause, against a non-appearing defendant is not a default judgment. Judgment can only be granted in a divorce case, says the petitionee, after the presentation of sufficient evidence to prove the jurisdictional requirements of the divorce act, as well as to convince the court of the merits of the libellant's cause. Therefore, states the petitionee, the statute under which relief is sought by the petitioner does not apply for the reason that a divorce proceeding is not subject to default.

In the case of *Barnes* v. *Albert*, 87 Vt. 251, 88 Atl. 815, this Court was presented with a petition to set aside a judgment under P.S. 2017, a statute identical in wording to 12 V.S.A. §2353. The factual situation in the Barnes case was that the petitioner was represented by counsel who were present at the time of hearing, although the petitioner was not present due to his being hunting in a remote section where notice of the hearing did not reach him in time for him to be present. Judgment was rendered against him, but without the consent of his counsel. This Court said "The judgment may not be technically a judgment by default. It is rather a judgment by nil dicit which is substantially the same as a judgment by default," and the Court sustained the granting of the petition. Significant to the question presented here is that the Court found that a default judgment could be rendered against a defendant although his appearance had been entered and he was represented by counsel at the time judgment was granted. The Court at that time may well have had in mind, as we now do, that earlier decisions in *Kimball* v. *Kelton*, 54 Vt. 177, 178 and *Congdon* v. *Congdon*, 59 Vt. 597, had already decided that the statute in question is remedial in character and is to be construed liberally.

Just as an appearance in a cause does not of itself make a judgment other than one by default, neither, we think, does the presentation of evidence by one party, when the opposing party is

absent from the hearing by fraud, accident or mistake, have such an effect under the statute. In the case of many defaults it requires the presentation of ex parte proof before judgment can be rendered by a court but this does not make the judgment other than by default. *Debs* v. *Dalton, 7* Ind. App. 84, 34 N.E. 236. See also 49 C.J.S. Judgments §187, p. 325, and cases cited thereunder. The definition of "default" as a failure to appear and contest a point of law or fact has been applied in many cases and in many jurisdictions in the interpretation of similar statutes. *Hutchinson* v. *Manchester St. R. Co.,* 73 N.H. 271, 80 Atl. 1011; 49 C.J.S. Judgments, §187, p. 324. We hold that the same definition of "default" as a "failure to appear and contest a point of law" is applicable to an understanding of the statute before us (12 V.S.A. §2353) and is the clear legislative intent.

By its wording the statute is for the relief of one "unjustly deprived of a hearing by fraud, accident or mistake." A hearing in the legal sense may be defined as the opportunity to present one's side of a case. The statute affords a remedy to obtain a hearing to a person originally defaulted in that opportunity, not by reason of his consent or volition, but as a result of fraud, accident or mistake.

Having determined that the judgment rendered below was a default judgment we still must determine if 12 V.S.A. §2353 is equally applicable to judgments in divorce causes as it is to judgments in other causes.

While the Vermont statutes permit the reopening of a cause of divorce during the nisi period, 15 V.S.A. §553(b), there is no statute which specifically provides for the setting aside of divorce after it has become a final judgment. The decided weight of authority in other jurisdictions is that general statutes governing the opening and vacating of judgments will be applied to divorce decrees by default where no special provisions relative to judgments of divorce exist. *Jelm* v. *Jelm,* 155 Ohio St. 226, 98 N.E. 2d 401; Anno., 157 A.L.R. 11; 27A C.J.S. Divorce §168 (1), p. 663; 17 Am. Jur. Divorce and Separation §484, p. 583.

In the absence of any statute, courts of general jurisdiction have always had the power to revise and correct their own judgments. "The right to strike off an entry of default and judgment at a term subsequent to the judgment has been spoken of as dependent upon the statute, but this right has been treated within the power which a court of general jurisdiction possessed, independent of any statute to revise

and correct its own records." *Barnes* v. *Albert,* 87 Vt. 251, 255, 88 Atl. 815.

In the case of *Fitzgerald* v. *Prouty,* 90 Vt. 363, 98 Atl. 918 at 90 Vt. 366, this Court, in essence, held that there existed in the county courts inherent discretionary power to set aside judgments by default either during the term in which it was rendered or, at a subsequent term, on the grounds of fraud, accident or mistake. The Court then stated "it clearly enough appears that that act [then P.S. 2017] is declaratory merely, except insofar as it provides that the petition or motion to have the default judgment set aside must be brought within two years from the rendition thereof, and not afterwards."

Our statute being only declaratory of the ancient and inherent right of a court of general jurisdiction to protect itself against a fraud, the question thus presented is whether this inherent right of a court over its judgments is for some reason not applicable to judgments in divorce.

The petitionee contends because human lives and happiness are involved in a decree of divorce that the judgment dissolving a marriage must be of such permanence that both the parties and innocent strangers to the judgment as well, must be able to rely unquestionably upon it. Once the nisi period has ended and final judgment has been entered, says the petitionee, a divorce judgment cannot then be set aside by a court for any reason.

We recognize that there must come a time when a judgment of divorce can be relied upon for a certainty, not only by the parties affected directly by the judgment, but by society in general, but such certainty is furnished by the limiting of the time in which a petition or motion to set aside the judgment is made, to a period of two years.

An appeal from judgment in a cause of divorce is brought to this Court in the same manner and under the same statutes, as is judgment in any other action. *Davidson* v. *Davidson,* 111 Vt. 24, 9 A.2d 114. The jurisdiction and powers of this Court are the same over a judgment of divorce as over any other final judgment appealed here. It follows, we think, that a county court may also treat a judgment of divorce under its inherent powers and the statute as it would a judgment of any other cause. *Jelm* v. *Jelm, supra;* Anno., 22 A.L.R. 2d 1300, 1306.

No doubt exists that a court in its inherent duty to protect the administration of justice may set aside a judgment procured by fraud

where only property rights between two individuals are involved. But in a cause of divorce "it is the duty of the court to see that society and the public receive no detriment in proceedings affecting the marital relationship of citizens." *Blain* v. *Blain*, 45 Vt. 538, 544.

If we held, as the appellee would have us, that once the nisi period had passed and a judgment of divorce entered, a court was powerless to set such judgment aside, we would deprive the court of not only its power, but its duty, to protect itself, as well as society in general, against the perpetration of a fraud. The perpetrator of the fraud, by only a six months concealment of the true facts, could thus victimize not only the partner of his marriage but a court of justice and society itself, to his own advantage. We cannot so hold.

█ The petition before the lower court was brought within the two-year period of limitation provided by the statute. The motion to dismiss confined the inquiry of the court only to what appeared of record, and the record disclosed fraud on the part of the petitionee in obtaining the judgment sought to be set aside. *State* v. *Verham News Corp.* 121 Vt. 269, 272, 155 A.2d 872. The motion to dismiss should have been denied and the petitioner granted a hearing on her petition.

Both briefs before us contain much in the way of conflicting policy arguments on the possible effects of setting aside a final judgment of divorce. The decision of whether or not to set aside the judgment, after a hearing, is one of discretion with the county court. *Greene* v. *Riley*, 106 Vt. 319, 321, 172 Atl. 633. The only question presented to us is whether a hearing should have been granted, which we have answered affirmatively.

*The order granting the motion to dismiss is reversed and the cause remanded.*