In the Matter of the ESTATE of Fred W. BIEBER, Deceased,

Dorine BIEBER and Raymond K. Bieber, Petitioners [Appellees below] and Appellees,

v.

James BIEBER, Dean Bieber, Robert Bieber, First National Bank and Trust Company of Dickinson, a corporation, Judy Bieber, and Vivian Bieber, as Special Guardian for Judy Bieber, Respondents,

and

National Farmers Organization, Inc., Claimant [Appellant below] and Appellant.

Civ. No. 9326.

Supreme Court of North Dakota.

Aug. 18, 1977.

Reuben J. Bloedau, Mott, for petitioners [appellees below] and appellees.

Benjamin C. Pulkrabek, Mandan, for claimant [appellant below] and appellant.

VOGEL, Justice.

This is an appeal by the National Farmers Organization, Inc. (N.F.O.), from a judgment of the district court dismissing the appeal by N.F.O. from an order of the county court denying a claim filed by N.F.O. against a decedent's estate. We affirm.

N.F.O. filed a claim against the estate of Fred W. Bieber in county court. The claim was disallowed by the executors of the Bieber will. N.F.O. then petitioned for a hearing on the claim. After a hearing, the claim was disallowed by the court for insufficiency of evidence. N.F.O. attempted to appeal the order of disallowance to the district court. Notice of the appeal was served on only the personal representatives of the estate, by service on their attorney. The personal representatives moved to dismiss the appeal to district court on the ground that the court lacked jurisdiction because the other parties (beneficiaries of the will) were not served with notice of appeal.

The probate record discloses that two persons interested in the estate petitioned for proof and probate of the will and were represented by an attorney (Dorine Bieber and Raymond K. Bieber), three others endorsed the petition and stated in writing that they joined in the petition and waived hearing and notice of hearing thereon (James, Dean, and Robert Bieber), a bank named as trustee in the will admitted service, and a minor (Judy Bieber) was personally served by service on her special guardian. None of the respondents appeared by attorney.

The question before us is whether service of the notice of appeal from county court to district court upon only the attorney for the personal representatives (Dorine Bieber and Raymond K. Bieber) was sufficient to give the district court jurisdiction of the appeal. We agree with the district court that jurisdiction was not acquired.

We are required to interpret the North Dakota version of the Uniform Probate Code which, unfortunately, does not include the provisions of the Uniform Probate Code as to appeals.

The North Dakota Legislature adopted most of the Uniform Probate Code as Chapter 257, Session Laws 1973. It is codified as Chapter 30.1, North Dakota Century Code. However, the Legislature did not adopt Section 1–308 of the Uniform Probate Code, providing that existing rules and statutes as to appellate procedure apply. It adopted no comparable section, but instead added language to Section 30.1–02–02, subsection 2 [§ 1–302, U.P.C.], providing that:

"The district court also has appellate jurisdiction over proceedings in the court as provided in chapter 30–26."

Chapter 257, Session Laws 1973, also repealed most of the former statutes of this State relating to probate matters, but it did not repeal Chapter 30–26, N.D.C.C. That chapter is therefore retained as part of Title 30, *Judicial Procedure, Probate.* Section 30–26–02 provides:

"Each person who was a party to a proceeding in the county court, . . . must be made a party to the appeal."

Section 30–26–03 provides:

". . . the appellant must cause a notice of the appeal to be served on each of the other parties and must file such notice with the proofs of service, and an undertaking for appeal, in the county court, within thirty days from and after the date of the order or decree. If the party taking an appeal files such notice and announces the filing orally in open court at the time the decision is given, no other or further service of the notice is necessary."

It appears from the foregoing that the Legislature intended to retain the requirements of the former statutes as to appeals from county courts to district courts, including the right to a trial de novo in the district court (Secs. 30–26–22 and 30–26–23, N.D.C.C.), but provided that the Rules of Appellate Procedure should not apply. As

will appear below, it provided that the Rules of Civil Procedure will apply.[1]

Chapter 30–26 has been construed by this court, as to service of notices of appeal, most recently in *In re Bjerke's Estate*, 137 N.W.2d 225 (N.D. 1965), and in *In re Ashbrook's Estate*, 110 N.W.2d 184 (N.D. 1961). In *Ashbrook*, it was held that service on an attorney for a party could be service on that party, but that personal service must be made on parties not represented by attorneys. However, the requirement of personal service was not based on provisions of Chapter 30–26, which is silent as to how service is to be made, but was based on provisions of Sections 30–02–09, 30–02–10, and 30–02–11, which have since been repealed by passage of the Uniform Probate Code. We are therefore required to determine in this case what kind of service of notice of appeal is now required to comply with Chapter 30–26.

In making that determination we first of all encounter Section 30.1–02–04 [§ 1–304, U.P.C.], which provides:

> "Unless specifically provided to the contrary *in this title* or unless inconsistent with its provisions, the rules of civil procedure, including the rules concerning vacation of orders and appellate review, govern formal proceedings under this title." [Emphasis added.]

Thus it will be noted that while the statutes as to appeals in probate matters in effect prior to the adoption of the Uniform Probate Code remained in effect, as we have stated, the Rules of Civil Procedure became applicable to the extent that they are not contrary to or inconsistent with Title 30.1, the Uniform Probate Code.

■ The applicability of the Rules of Civil Procedure was new and contrary to former law. As pointed out in *Ashbrook*, Rule 81 of the Rules of Civil Procedure specifically provided that those rules did not supersede the provisions of statutes relating to appeals to or review by the district courts. But the new statute, Section 30.1–02–04 [§ 1–304, U.P.C.], provided that the Rules of Civil Procedure *do* apply unless provided to the contrary in, or inconsistent with, the provisions of Title 30.1. Thus the Rules of Civil Procedure applied to such appeals, in spite of any prior statutes or rules to the contrary found anywhere except in the Uniform Probate Code, Title 30.1, itself. We conclude, therefore, that the exception contained in Rule 81 as to nonsupersession of statutes relating to appeals to district courts was superseded by Section 30.1–02–04, N.D.C.C. [§ 1–304, U.P.C.], which was then in harmony with Rule 81(b), and the Rules of Civil Procedure applied to appeals from county courts to district courts except when the provisions of Title 30.1 specifically prescribed to the contrary or unless inconsistent with the provisions of that title. No contrary or inconsistent provision of the statute is present in this case.

We therefore look to Title 30.1 and the Rules of Civil Procedure to determine the requirements for service of notices of appeal from county court to district court. As we have said, Title 30.1 says nothing on the subject beyond saying that notices of appeal must be served. The Rules of Civil Procedure, however, prescribe in some particularity the requirements for service of papers and pleadings which are not process. (Notices of appeal are not process. See *In re Ashbrook's Estate, supra*.) The requirements are found in Rule 5, N.D.R.Civ.P. Among other things, that rule provides that service may be made on a party by serving his attorney [Rule 5(b)] and that service on parties in default for failure to appear need not be made [Rule 5(a)].

It therefore becomes necessary to determine whether the parties to the probate proceeding who, it is alleged, were not served with notices of appeal were either represented by attorney or were in default or had waived service of notice of appeal.

1. This case is decided, as it was argued, on the assumption that former constitutional provisions apply. Under Section 87 of the Judicial Article of the North Dakota Constitution, adopted in September 1976, the Supreme Court now has final authority over procedural rules.

■ The record discloses that the only parties represented by an attorney were the petitioners and personal representatives, Dorine Bieber and Raymond K. Bieber. The other parties either appeared personally by joining in the petition for proof and probate of will, or admitted service, or were served. None of the latter were served with a notice of appeal, the only service being on the attorney for the personal representatives.

None of the parties can be said to be in default. Parties in probate proceedings are not required to answer or otherwise take affirmative action unless specifically ordered to do so.

We have not had occasion to define the term "default" in this context previously. It is a term of many and varied meanings, a multitude of which are set forth in 26A C.J.S. *Default.* As used in circumstances such as those before us, it has been held to mean failure to appear and contest a point of law [*Wellington v. Wellington,* 124 Vt. 401, 205 A.2d 568 (1964)]; a failure to take a step required in the progress of an .action [*Kirby v. Holman,* 238 Iowa 355, 25 N.W.2d 664 (1947)]; or a failure to appear or plead as required by law, rule of court, or order of court [*Jefferson Amusement Co. v. F.C.C.,* 226 F.2d 277, 279 (D.C.Cir. 1955)].

■ We adopt these definitions for the purposes of this appeal. Under them, none of the parties to the Bieber probate proceeding were in default. There was no requirement that any of them appear and contest a point of law, take any step required in the progress of the action, or appear or plead pursuant to any law or rule or order of court. A party to a probate proceeding, once served, is not required to take any affirmative action. He may, if he chooses, rely on the personal representative to perform necessary acts. Unlike other kinds of proceeding, in which a defendant must answer and plead or risk a default judgment, there is no affirmative duty on the part of a respondent in a probate proceeding to plead or give notice of appearance. Put simply, a respondent in a probate proceeding who does nothing is not "in

default" unless there is an affirmative order requiring action on his part.

Finally, we consider whether or not jurisdiction of the district court can be sustained if service of the notice of appeal is made on some, but .not all, of the other parties.

■ At the outset, we take note that the statute relating to appeals in probate matters from county courts is different from the statute relating to appeals generally. Under the former, service must be made upon "Each person who was a party to a proceeding in the county court, . . ." [§ 30–26–02, N.D.C.C.], while in the latter the service must be made upon "the adverse party" [§ 28–27–05, N.D.C.C.]. The difference in terminology is significant. In probate matters all parties must be served, regardless of whether they are adverse or not; in other appeals generally only adverse parties need be served. As to the question of who is adverse, see, generally, *Oil Investment, Inc. v. Dallea Petroleum Corp.,* 150 N.W.2d 189 (N.D. 1967); *Hanson v. Zoller,* 174 N.W.2d 354 (N.D. 1970).

Parenthetically, it is doubtful that the appeal to the district court would be sufficient even if the statute required service on only adverse parties, since the allowance of the claim of N.F.O. would reduce the amount available for distribution to all the beneficiaries of the will of the decedent, and they therefore would have an interest adverse to that of the appellant N.F.O.

■ We have often pointed out that the right to appeal is statutory and may be exercised only when authorized by statute. *State ex rel. Hjelle v. Bakke,* 117 N.W.2d 689 (N.D. 1962); *In re Bjerke's Estate, supra.*

■ Unless the statutory requirements as to service of notice of appeal, and timely filing of proofs of service, are complied with, the district court acquires no jurisdiction. *In re Bjerke's Estate, supra; In re Ashbrook's Estate, supra.*

■ We conclude that all parties to a probate proceeding must be served, either personally or by service upon their attor-

ney, with any notice of appeal in the proceeding, regardless of whether they are adverse parties or not; that some of the parties to the probate proceeding in the county court were not served with notice of the purported appeal to the district court; that failure to serve all the parties made the purported appeal a nullity; and that the district court was correct in dismissing the appeal.

Affirmed.

ERICKSTAD, C. J., and VOGEL, PEDERSON, PAULSON and SAND, JJ., concur.