**In the Matter of the ESTATE of Mary EWONIUK.**

**Walter EWONIUK, Joseph Ewoniuk, Steven Ewoniuk, Petitioners and Appellants,**

**v.**

**Ann KRIVOURUCHKA, August Ewoniuk, Olga S. Baranko, Respondents and Appellees.**

**Civ. No. 9863.**

Supreme Court of North Dakota.

March 25, 1981.

---

Beyer & Holm, Dickinson, for petitioners and appellants Walter Ewoniuk, Joseph Ewoniuk, and Steven Ewoniuk; submitted on brief.

Mackoff, Kellogg, Kirby & Kloster, P. C., Dickinson, for respondents and appellees; argued by James D. Geyer, Dickinson.

PAULSON, Justice.

Walter Ewoniuk, Joseph Ewoniuk, and Steven Ewoniuk, the appellants, appeal from an order dated July 30, 1980, by the District Court of Stark County which dismissed the appellants' appeal from an order for formal probate of a will issued by the Stark County Court of Increased Jurisdiction. We reverse the order of the district court which dismissed the appeal and remand the case for trial.

Mary Ewoniuk, a widow, died on November 1, 1979, and left fourteen children as her survivors and devisees under a will which she executed on March 21, 1968. The will contained devises of eighteen percent of her property to each of three children; five percent of her property to each of eight children; and two percent of her property to each of three children. Mary Ewoniuk was of Ukranian ancestry and did not speak or write the English language. Her will was executed with the aid of an interpreter, who also received a substantial devise under her will.

On March 14, 1980, a hearing was held on a petition for formal probate of the will. Written objections to the petition for formal probate of the will were filed by several of the devisees under the will, none of whom appeared at the hearing or offered evidence to support their objections. Walter Ewoniuk and Joseph Ewoniuk did not join with the other devisees in the preparation and filing of such written objections, but they did testify that the execution of the will was tainted by lack of testamentary intent or capacity, undue influence, fraud, duress, mistake, or was revoked.

The Stark County Court of Increased Jurisdiction determined that the devisees in their objections to the petition for the formal probate of the will, had not met their burden of persuasion for establishing lack of testamentary intent or capacity, undue influence, fraud, duress, mistake, or revocation, as required by § 30.1–15–07 of the North Dakota Century Code. The court admitted the will to probate on March 14, 1980. The appellants filed a notice of appeal in the district court on April 11, 1980, together with the required proof of service. The proof of service was defective in one respect—Michael Ewoniuk, a devisee under

the will who had filed a written objection to the petition for formal probate—was not served with the notice of appeal until April 19, 1980, and no proof of service upon him was ever filed with the court.

The personal representatives presented a motion to dismiss the appeal on the ground that the district court lacked jurisdiction over the appeal because Michael Ewoniuk was not served with the notice of appeal within the time period prescribed by § 30–26–03, N.D.C.C. On July 30, 1980, the district court issued an order which dismissed the appeal for lack of jurisdiction and remanded the case to the Stark County Court of Increased Jurisdiction. The appellants filed a timely notice of appeal from the district court's order.

The only issue presented for our consideration is whether or not the appellants met the requirements for perfecting an appeal to the district court from the order for formal probate of the will. The applicable statute is § 30–26–03, N.D.C.C., which provides as follows:

> "*30–26–03. Appeal—How taken.*—To effect an appeal, the appellant must cause a notice of the appeal to be served on each of the other parties and must file such notice with the proofs of service, and an undertaking for appeal, in the county court, within thirty days from and after the date of the order or decree. If the party taking an appeal files such notice and announces the filing orally in open court at the time the decision is given, no other or further service of the notice is necessary."

■ The right to appeal is statutory and may be exercised only when authorized by statute. *Hjelle v. Bakke*, 117 N.W.2d 689 (N.D.1962). Unless the statutory requirements as to service of notice of appeal and filing proofs of service are met, the district court acquires no jurisdiction in disputes concerning probates of wills. *In re Bjerke's Estate*, 137 N.W.2d 225 (N.D.1965); *Matter of Estate of Bieber*, 256 N.W.2d 879 (N.D.1977). In probate matters, all parties must be served with the notice of appeal irrespective of whether a party is or is not "adverse". Because Michael Ewoniuk was not served with the notice of appeal within the prescribed time period and no proof of service upon him has been filed, the personal representatives argue that the appeal should be dismissed. Michael Ewoniuk did not object to the deficient nature of the service of the notice of appeal upon him.

The history surrounding the statutes which confer upon the district court appellate jurisdiction in probate matters is discussed in *Matter of Estate of Bieber, supra*, and we will not reiterate the history surrounding the development of such statutes. In *Bieber, supra*, we recognized that parties to probate proceedings may waive service of notice of appeal despite the fact that all parties to a probate proceeding must ordinarily be served with the notice of appeal. The personal representatives named under the terms of Mary Ewoniuk's will are attempting to assert Michael Ewoniuk's interests, *i. e.*, that the notice of appeal must be served upon Michael. It is an undisputed fact that Michael's interest in receiving the notice of appeal is opposed to the interests of the personal representatives because Michael was to receive a devise of only two percent of the property which Mary Ewoniuk possessed at the time of her death, while the personal representatives were each to receive devises of eighteen percent of the property. In addition, Michael submitted a proper written objection prior to the hearing on the formal probate of the will, while the personal representatives are in favor of the formal probate of the will. The essential question to be decided is whether or not the personal representatives may assert Michael's interest in receiving timely notice of appeal.

■ Section 30–26–03, N.D.C.C., is silent on this question. Therefore, we must rely upon principles of statutory construction. One such principle is contained in § 1–02–01, N.D.C.C., which provides that the Century Code provisions and all proceedings under it are to be construed liberally, with a view to effecting their objects and in promoting justice. Similarly, we have often stated that it is presumed that the legisla-

ture, in enacting a provision of law, did not intend absurd or unjust consequences. *Wallentinson v. Williams County*, 101 N.W.2d 571 (N.D.1960); *State ex rel. Hjelle v. A Motor Vehicle, Etc.*, 299 N.W.2d 557 (N.D.1980). The object of § 30–26–03, N.D. C.C., is to make all parties affected by the appeal to the district court cognizant of the issue to be appealed, in order to provide time for preparation for the appeal, as well as to resolve the matter in dispute. However, the interest of receiving notice of the appeal adheres only to the parties entitled to receive the notice of appeal and may not be asserted by those with contrary interests. Thus, Michael alone was entitled to assert that he had not received the notice of appeal within the proper time period. Because he has chosen to make no objection to the deficient nature of the service of the notice of appeal, no objection to the assumption of jurisdiction by the district court exists and, thus, Michael has waived any objection to the timely service of the notice of appeal.[1]

Our conclusion is supported by the principles of statutory construction recited earlier because if those parties possessing opposing interests were allowed to assert interests they do not possess, the ensuing results would lead to absurd and unjust consequences and would thwart the operation of justice. Personal representatives named under a will could deny jurisdiction to the district court by asserting interests they did not possess and could foreclose consideration of issues such as those raised by the appellants in this case. Likewise, the adversary system which serves as the foundation for our system of jurisprudence does not sanction such results because only those interests which one rightfully possesses are capable of being asserted by that individual party.

The case of *Matter of Estate of Bieber*, 256 N.W.2d 879 (N.D.1977), differs from the instant case because in *Bieber, supra*, the beneficiaries under the will were in favor of formal probate of the will and of disallowing a claim against the estate. In the instant case, the interests of the devisees under the will are divergent and the validity of the will itself is the subject in dispute. In *Bieber, supra*, no service of the notice of appeal was made, while in the instant case the service of the notice of appeal was made, albeit belatedly, but no proof of service of notice of appeal was filed. For this reason, the personal representatives of the will may not assert that Michael was not served with the notice of appeal and, thus, that the district court acquired no jurisdiction over the matter. Michael has not objected to the deficient nature of the service of the notice of appeal and was served with the notice of appeal five days after the prescribed time period expired. Therefore, Michael has waived the requirement of timely service of notice of appeal and the filing of proof of such service.

For reasons stated in this opinion, the order of the district court is reversed and the case is remanded for trial.

ERICKSTAD, C. J., and SAND and PEDERSON, JJ., concur.

VANDE WALLE, Justice, concurring specially.

I concur in the result reached in the majority opinion. I do so because Michael Ewoniuk was, in fact, served with the notice of appeal. All other parties were properly served and proof of service was duly filed. In view of the number of parties, the time within which Michael was served, and the nature of his position in the appeal, I believe there was substantial compliance with Section 30–26–03, N.D.C.C.

---

1. See § 1–02–28, N.D.C.C.