1997 ND 4

FIRST BANK, fsb, successor by merger to First Bank of North Dakota, N.A., Plaintiff and Appellee,

v.

Gilbert Allen NESET, Defendant and Appellant,

and

Valara Cossette, Thomas Cossette, John Doe, and Mary Roe, Defendants.

Civil No. 960127.

Supreme Court of North Dakota.

Jan. 16, 1997.

Jonathan R. Fay, of Stein, Moore & Fay, St. Paul, MN, for plaintiff and appellee.

David A. Overboe, West Fargo, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Gilbert Neset has appealed from an order denying his motion for relief from a default judgment under N.D.R.Civ.P. 4(e)(7) and 60(b). We affirm, concluding Neset was properly served by publication under N.D.R.Civ.P. 4(e) and failed to show he did not have actual notice of the action justifying relief under N.D.R.Civ.P. 4(e)(7).

I

[¶ 2] In 1985 Neset executed an adjustable rate note in favor of First Bank, and First Bank took a mortgage on Neset's home. Disputes arose between the parties, and seven times First Bank served Neset with notices before foreclosure. First Bank also began a foreclosure action on one occasion. Each time, the parties resolved their dispute.

[¶ 3] Another dispute arose in 1994, and Neset became delinquent on the note. First Bank again served Neset with a notice before foreclosure. Several attempts to personally

serve a summons and complaint upon Neset were unsuccessful, and First Bank eventually began this foreclosure action with service by publication under N.D.R.Civ.P. 4(e). First Bank mailed the summons and complaint, and numerous later pleadings, to the property covered by the mortgage, which was Neset's residence. Judgment of foreclosure was entered by default on October 24, 1995, and notice of entry of judgment was mailed to Neset at his residence on November 8, 1995.

[¶ 4] On January 8, 1996, Neset moved to vacate the judgment under N.D.R.Civ.P. 60(b), arguing the service by publication was defective and the judgment was therefore void. Neset also sought relief under N.D.R.Civ.P. 4(e)(7), asserting he had not received actual notice of the proceedings and he had a good and meritorious defense to the foreclosure action. The district court denied the motion and Neset appealed.

[¶ 5] The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06. This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. §§ 28–27–01 and 28–27–02. The appeal was timely under N.D.R.App.P. 4(a).

## II

[¶ 6] Neset asserts the summons and complaint were never properly served upon him, and the court therefore lacked personal jurisdiction to render judgment of foreclosure against him. Accordingly, Neset argues, the judgment is void and the trial court abused its discretion in refusing to vacate it under N.D.R.Civ.P. 60(b)(iv).

[¶ 7] Neset's argument is premised on his assertion the sole method for service by publication in a foreclosure action is the procedure outlined in N.D.C.C. Ch. 32–19. Neset contends the publication requirements under N.D.C.C. Ch. 32–19 are more stringent than those in N.D.R.Civ.P. 4(e), and he is entitled to those broader protections. He points out N.D.C.C. Ch. 32–19 requires publication for four consecutive weeks and filing of a verified complaint, while N.D.R.Civ.P. 4(e) requires

only three weekly publications and does not require filing of a verified complaint. *Compare* N.D.C.C. § 32–19–30 *with* N.D.R.Civ.P. 4(e)(2) and (3).[1] First Bank concedes it did not comply with the procedures under N.D.C.C. Ch. 32–19, but contends it complied with the procedure under N.D.R.Civ.P. 4(e). The question presented is whether N.D.C.C. Ch. 32–19 sets out the exclusive method for service by publication in a foreclosure action.

[¶ 8] Neset argues N.D.R.Civ.P. 81(a) requires the statutory procedure be given precedence:

"*(a) Special Statutory Proceedings.* Special statutory proceedings, whether or not listed in Table A, are excepted from these rules insofar as they are inconsistent or in conflict with the procedure and practice provided by these rules."

Chapter 32–19 is a special statutory proceeding listed in Table A, N.D.R.Civ.P.

[¶ 9] Merely because N.D.C.C. Ch. 32–19 is a special statutory proceeding does not, however, mean it is the *exclusive* method for service by publication in a foreclosure action. The Rules of Civil Procedure apply in such special statutory proceedings unless they are inconsistent or in conflict with the statutory procedure. *Shafer v. Job Service North Dakota,* 464 N.W.2d 390, 391 (N.D.1990); *In re Estate of Bieber,* 256 N.W.2d 879, 881 (N.D. 1977).

[¶ 10] Here, rather than conflicting, the rule and statutes complement each other, providing two alternative methods of accomplishing service. The provision in N.D.C.C. Ch. 32–19 governing service of the summons clearly recognizes there may be other permissible methods of service:

"*Summons—How served. In addition to any other method provided by law for the service of summons,* in all actions for the foreclosure or satisfaction of a mortgage, or other lien, upon real estate, in any court of this state, the summons may be served personally upon all defendants, if any, in actual possession of the real estate in-

---

1. We note the Rule is more stringent than N.D.C.C. Ch. 32–19 in some respects. *Compare* N.D.R.Civ.P. 4(e)(4) (copy of summons and complaint must be mailed to defendant within 10 days of first publication) *with* N.D.C.C. § 32–19–32 (allowing 30 days after first publication to mail copy of the summons and complaint).

volved in the action, if such real estate is occupied, and upon all other defendants by publication in the manner provided in this chapter...."

N.D.C.C. § 32–19–29 (emphasis added). The statute itself recognizes the provisions for service in N.D.C.C. Ch. 32–19 are merely cumulative, and a plaintiff may elect to serve the summons by "any other method provided by law," including N.D.R.Civ.P. 4. Accordingly, N.D.R.Civ.P. 4(e) and N.D.C.C. Ch. 32–19 are not inconsistent or in conflict with each other, and N.D.R.Civ.P. 81(a) does not mandate application of the statutory procedure.

[¶ 11] The interpretation urged by Neset would render various provisions of N.D.R.Civ.P. 4(e) surplusage. For example, N.D.R.Civ.P. 4(e)(1)(C) specifically recognizes service by publication under the Rule is allowed if "[t]he action is to foreclose a mortgage." Rule 4(e)(2)(D), N.D.R.Civ.P., further indicates service by publication under the Rule is appropriate to effect service upon "unknown persons defendant pursuant to Chapter 32–17 or 32–19." The Rules clearly envision service by publication under Rule 4(e) in foreclosure proceedings. Those provisions would be rendered useless if we concluded service under N.D.C.C. Ch. 32–19 was the exclusive available method in foreclosure actions.

[¶ 12] Conversely, our ruling in this case will not, as Neset asserts, render the allegedly more stringent provisions of N.D.C.C. Ch. 32–19 useless. In one significant respect, service under the statutory procedure is more liberal. When proceeding against a defendant whose residence is known but who is not in actual possession of the mortgaged property, Rule 4(e) allows service by publication only if personal service cannot be made in this state. *See* N.D.R.Civ.P. 4(e)(2)(A) and (D). Under the statutory procedure, any defendant not in actual possession of the property may be served by publication without first attempting personal service. *See* N.D.C.C. § 32–19–29. Service by publication under N.D.C.C. Ch. 32–19 may well be more efficient and less costly if there are known defendants who are not in actual possession.

[¶ 13] We conclude N.D.C.C. Ch. 32–19 is not the exclusive method for service by publication in a foreclosure action, and service under N.D.R.Civ.P. 4(e) is permissible. Neset has not demonstrated the service in this case failed to comply with Rule 4(e). Accordingly, personal jurisdiction over Neset was acquired, the judgment was not void, and the trial court did not abuse its discretion in refusing to vacate the judgment under N.D.R.Civ.P. 60(b)(iv).

### III

[¶ 14] Neset contends he is entitled to relief from the judgment under N.D.R.Civ.P. 4(e)(7), which provides in part:

"Except in an action for divorce, the defendant upon whom service by publication is made, or the defendant's representative, upon making it appear to the satisfaction of the court by affidavit, stating the facts, that the defendant has a good and meritorious defense to the action, and that the defendant had no actual notice or knowledge of the pendency of the action so as to enable the defendant to make application to defend before the entry of judgment therein, and upon filing an affidavit of merits, may be allowed to defend at any time within 3 years after entry of judgment on such terms as may be just."

[¶ 15] Neset claims his affidavit filed with the motion to vacate judgment establishes he had no actual knowledge of the pendency of the foreclosure action. In that affidavit, Neset stated "he had no knowledge that the Plaintiff continued with the foreclosure action against him until the notice of sheriff's sale was observed," and "he did not receive a copy of the Summons and Complaint at his residence."

[¶ 16] In a markedly similar case, we have cautioned against conclusory allegations challenging service of process:

"A defendant challenging service of process must do so in more than conclusory terms.... A claim of insufficient process, unsupported by facts and documentation, is not enough to upset a judgment."

*McComb v. Aboelessad,* 535 N.W.2d 744, 747 (N.D.1995) (citations omitted). In *McComb,* the defaulting defendant claimed his wife had obtained judgment against him "without in-

forming me." *McComb* at 747. We concluded this vague assertion, without specific explanation of his failure to receive pleadings mailed to him, was insufficient to prove lack of actual notice:

> "Indeed, Assad did not deny that he received copies of the amended summons and complaint, or claim that he was not living at the address where the amended summons and complaint were mailed. The record does not show that the documents were returned to the office of McComb's attorney. In his affidavit, Assad vaguely claimed only that McComb 'obtained an annulment of our marriage, without informing me.'

> \*    \*    \*    \*    \*    \*

> "Assad's vague assertion is insufficient to prove Assad did not have actual notice or knowledge of the pending action, and that the mailed summons and complaint were not received at his residence."

[¶ 17] Similarly, Neset's vague assertions he had no knowledge First Bank "continued with the foreclosure action against him" and he "did not receive a copy of the Summons and Complaint at his residence" are insufficient to prove Neset did not have actual notice of the pending action. More significant than what Neset's affidavit says is what it does *not* say. Although Neset denied receiving a copy of the original summons and complaint at his residence, he has not denied the assertion in an affidavit from First Bank's counsel that numerous other pleadings were mailed to Neset. Counsel's affidavit states an amended complaint, a notice of intent to apply for default judgment, a motion for default judgment, and a notice of entry of judgment were each separately mailed to Neset's residence, the property covered by the mortgage. The affidavit further states none of those mailings were returned by the postal service.

[¶ 18] If these documents were delivered to Neset's residence, he clearly had actual notice of pendency of the action "so as to enable [him] to make application to defend before the entry of judgment." *See* N.D.R.Civ.P. 4(e)(7). As in *McComb*, Neset has failed to deny he received these pleadings, has not claimed he was not living at

that address, and has not shown the documents were returned by the postal service. *See McComb* at 747. Furthermore, there is a presumption "[t]hat a letter duly directed and mailed was received in the regular course of the mail." N.D.C.C. § 31–11–03(24); *see also State v. Tininenko*, 371 N.W.2d 762, 764 (N.D.1985). Neset has wholly failed to rebut that presumption.

[¶ 19] We also note Neset was personally served with the notice before foreclosure. This may explain the peculiar wording of Neset's affidavit. He did not allege he had no knowledge of the foreclosure action, but rather that he had no knowledge First Bank had "continued with" the foreclosure action. Neset was certainly familiar with foreclosure procedure, having received no fewer than seven prior notices before foreclosure and a prior summons and complaint related to this same mortgage. Furthermore, Neset, as a licensed attorney engaged in private practice, would have special knowledge of the Rules of Civil Procedure and foreclosure procedures.

[¶ 20] We conclude Neset's vague allegations in his affidavit were insufficient to prove Neset did not have actual notice of the action. Accordingly, he is not entitled to relief under N.D.R.Civ.P. 4(e)(7).

## IV

[¶ 21] The remaining issues raised by Neset are without merit. We affirm the order denying the motion for relief from the judgment.

[¶ 22] VANDE WALLE, C.J., and NEUMANN, MARING, and MESCHKE, JJ.